IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DMT MAC TRUONG, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-22-491-R |
| | ) |
| KEVIN STITT, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is a *pro se* Complaint filed by Plaintiff Mac Truong, on his behalf and ostensibly on behalf of twenty-four additional individuals or entities. The Court has reviewed Plaintiffs' Complaint and finds that it should be dismissed upon filing as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court should dismiss a case in which *in forma pauperis* status has been granted if at any time it determines the action is frivolous or malicious, seeks relief from a person immune from such relief, or fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B). Although § 1915 directly references prisoners, § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike. *See Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)(28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss the complaint of a party proceeding IFP whenever the court determines the action is frivolous or malicious, fails to state a claim for relief, or seeks damages from persons immune from such relief); see also *Merryfield v. Jordan*, 584 F.3d 923 (10th Cir.2009)(affirming dismissal of nonprisoner's complaint as frivolous and as stating no claim for relief, pursuant

1

to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Ruston v. Church of Jesus Christ of Latter–Day Saints*, 304 F. App'x 666 (10th Cir.2008)(affirming dismissal of nonprisoner's frivolous complaint under § 1915(e)(2)(B)) (citing cases). In considering whether to dismiss a claim *sua sponte* for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991). In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but the complaint must be liberally construed. *See id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

The Court first dismisses all Plaintiffs except Dr. Truong. In general, a party may plead and conduct his own case in person or through a licensed attorney. *See* 28 U.S.C. § 1654. A *pro se* litigant, however, may not represent anyone other than himself. *See e.g., Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147 (7th Cir.2001); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Although the individual averments allegedly made by the Plaintiffs are stated in the first person, only Plaintiff Truong signed the Complaint. He cannot, however, proceed without the signatures of those persons, who must either obtain representation or appear on their own behalf.[1]

---

[1] Although issues of credibility do not factor into the Court's analysis, the Court is dubious that former Presidents George W. Bush and Bill Clinton, as well as the many actors, politicians, and well-known business figures—including Bill Gates and Warren Buffet—have agreed to participate in this litigation.

2

With regard to the substance of Plaintiff's claims, the Court finds that the Complaint is frivolous. Plaintiff is a resident of New Jersey. The named Defendants include the Governor of Oklahoma, three Oklahoma legislators, the former President of the United States, five Supreme Court justices, and the wife of one of those justices. According to his jurisdictional statement, this case arises under federal law and Plaintiff is entitled to recovery for the violation of copyright as well as for civil rights violations. He asserts that Oklahoma Senate Bill 612, to be codified at Okla. Stat. tit. 63 § 1-731.4 and set to go into effect on August 26, 2022, which restricts abortion in Oklahoma except in an attempt to save the life of a pregnant woman in a medical emergency, violates the United States Constitution.[2] He contends that another recent provision, Okla. Stat, tit. 63 § 1-745.39, violated his copyrighted material because it permits civil actions by any person against those who perform abortions.

The Court finds that Plaintiff lacks standing to challenge SB 612 on constitutional grounds. "In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). The case or controversy requirement of Article III limits federal jurisdiction to cases in which the plaintiff can demonstrate that (1) he has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *Phelps v. Hamilton*, 122 F.3d 1309, 1326

---

[2] Plaintiff contends, in part, that the bill cannot stand in light of *Roe v. Wade*. Since the filing of the Complaint the Supreme Court issued Dobbs v. Jackson, --- U.S. ---, 142 S.Ct. 2228 (2022), which overturned *Roe* by holding that abortion is not a right under the federal constitution. Plaintiff's Complaint was filed in apparent response to the leaking of the opinion in that case.

(10th Cir.1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, (1992)). Plaintiff, a male residing in New Jersey, is simply too far removed from Oklahoma to challenge the statute, and furthermore, he has not alleged that he is subject to the statute he seeks to challenge. Rather, he complains throughout about the alleged violation of women's right to privacy, which clearly does not implicate his rights. Via a Motion for Summary Judgment Plaintiff argues that he has standing because: (1) he is a naturalized U.S. citizen; (2) he is the father of a woman of child-bearing age who is concerned about anti-abortion legislation; (3) he loves to have sex and wishes to do so without being overly concerned about accidental pregnancy; and (4) he is the inventor of a machine that allows people to have sex without being physically near one another. The Court finds that none of these grounds provides Plaintiff with standing to challenge the Oklahoma statute.[3]

To the extent Plaintiff is attempting to pursue a claim for copyright violation, his claim fails. The Copyright Act protects the "original works of authorship fixed in any tangible medium of expression," including pictorial and graphic works. 17 U.S.C. § 102(a). To state a claim of copyright infringement, Plaintiff must allege: "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002). In order to establish a claim for copyright violation Plaintiff must allege "there is a substantial similarity between those aspects of Plaintiff's work which are legally protectable and the Defendants' work." *La

---

[3] Additionally, to the extent Plaintiff argues that Senate Bill 612 is unconstitutional in light of *Roe v. Wade*, 410 U.S. 113 (1973), the Supreme Court pronouncement in *Dobbs* that *Roe* is no longer good law renders Plaintiff's challenge to the statute moot.

4

*Resolana Architects v. Reno Inc.*, 555 F.3d 1171, 1180 (10th Cir. 2009)(quotation marks and citation omitted). To make this determination, the court's task consists of "separating unprotectable ideas from protectable expression in [the plaintiff]'s copyrighted works and comparing the remaining protectable expression to the [defendant's] images to determine whether they are substantially similar." *Blehm v. Jacobs*, 702 F.3d 1193 at 1200 n.4 (10th Cir. 2012). Plaintiff purports to have copyrighted an idea; however, copyright protection does not "extend to any idea ... [or] concept ... regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). "This provision enshrines the fundamental tenet that copyright protection extends only to the author's original expression and not to the ideas embodied in that expression." *Blehm*, 702 F.3d at 1200 (quotation marks and citation omitted). "[T]he copyright law is not a patent law: it protects the expression of ideas rather than the underlying ideas themselves." *Enter. Mgmt. Ltd., Inc. v. Warrick*, 717 F.3d 1112, 1117 (10th Cir. 2013). Simply stated, Plaintiff's idea of creating community civic officers who could issue tickets to violators of enforceable city regulations or ordinances is an idea, not subject to copyright. Accordingly, the provisions of Okla. Stat. tit. 63 § 1-745.39 did not violate his copyright and dismissal is appropriate.

      Having reviewed the Complaint and its attachments as well as Plaintiff's Notice of Motion, the Court hereby DISMISSES all Plaintiffs for the reasons set forth herein. The Motion to Dismiss filed by Defendant Stitt (Doc. No. 6) is DENIED AS MOOT as is Plaintiff's Notice (Doc. No. 7).

**IT IS SO ORDERED** this 19th day of July 2022.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE